UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WARREN RANGE**  **CIVIL ACTION**
**(D.O.C. # 102737)**

**VERSUS**

**LYNN COOPER, ET AL**  **NO. 07-750-D-M2**

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in chambers in Baton Rouge, Louisiana, August 1, 2008.

                                  **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WARREN RANGE** <br> **(D.O.C. # 102737)** | **CIVIL ACTION** |
| **VERSUS** | |
| **LYNN COOPER, ET AL** | **NO. 07-750-D-M2** |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Warren Range ("Range"). The State of Louisiana ("the State"), through the Louisiana Attorney General, has filed an Answer (R. Doc. 16) and a Memorandum of Authorities in Support of Answer (R. Doc. 16-2) in response to Range's petition.

## FACTS & PROCEDURAL BACKGROUND

On November 24, 1981, after a trial by jury, Range was convicted of armed robbery and attempted first degree murder in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. The State filed a habitual offender bill on the day after his convictions, which was based upon three prior felony theft convictions. On February 11, 1982, Range was adjudicated a habitual offender and sentenced to two (2) consecutive fifty (50) year sentences at hard labor, with the armed robbery conviction to be served without benefit of probation, parole, or suspension of sentence. Range appealed his convictions and sentences to the Louisiana Supreme Court, where they were affirmed on June 29, 1983. *State v. Range*, 434 So.2d 1108 (La. 1983).

Range then filed his first application for post-conviction relief in the state district court on or about March 24, 1988. In that application, he claimed that his convictions for armed

1

robbery and attempted first degree murder were a violation of double jeopardy. The trial court dismissed his post-conviction relief application on August 10, 1988. The record does not indicate that Range applied for writs to the First Circuit Court of Appeal relative to the denial of his post-conviction relief application. He applied for writs to the Louisiana Supreme Court; however, such application was denied on June 16, 1989. *State ex rel. Range v. Lynn*, 546 So.2d 168 (La. 1989).

Range then filed his first petition for writ of habeas corpus with this Court on September 27, 1989. *See*, Docket No. 89-743. In his habeas petition, he asserted the same claim that he had raised in his state post-conviction relief application, *i.e.*, that his convictions for armed robbery and attempted first degree murder were in violation of double jeopardy. Range's habeas petition was dismissed by this Court on February 7, 1990. He subsequently appealed to the U.S. Fifth Circuit Court of Appeals, which dismissed his appeal on November 30, 1992.

Between 1997 and 2003, Range filed various motions and writ applications challenging the legality and correctness of his sentences. At a hearing on one of those motions, on August 6, 2003, the state district court judge vacated Range's 1982 sentences on the basis that the habitual offender sentences were illegal because the state district court failed to specify which offense was being enhanced pursuant to La. R.S. 15:529.1. At another hearing on August 26, 2003, the state district court judge found Range to be a second felony habitual offender as to the armed robbery conviction and ordered that an updated presentence investigation be prepared. On October 29, 2003, Range was re-sentenced to thirty-three (33) years imprisonment as a habitual offender on the armed robbery conviction and twenty-five years (25) imprisonment on the attempted first degree

murder conviction, such sentences to be served consecutively without the benefit of parole, probation, or suspension of sentence. Range did not appeal his re-sentencing. He filed two additional motions to amend, clarify, and/or correct his sentence in the state trial court in April and August of 2004, both of which were denied.

On or about August 23, 2004, Range filed his second post-conviction relief application, wherein he asserted the following claims for relief: (1) the sentence imposed as a result of his adjudication as a habitual offender is null and void because the trial judge imposed his habitual offender sentence without first vacating his original sentence (*i.e.*, excessive sentence claim); and (2) he was placed in double jeopardy because of his convictions for attempted first degree murder and armed robbery. Such post-conviction relief application was denied by the state court commissioner on June 2, 2005 and by order of the state district court judge on August 1, 2005. Range applied for supervisory writs to the Louisiana First Circuit Court of Appeals, which were denied on December 28, 2005. Based upon the record, it does not appear that he applied for writs to the Louisiana Supreme Court concerning the denial of his second post-conviction relief application.

Range filed a third post-conviction relief application on or about November 3, 2005, wherein he again challenged the legality of his sentences on the basis of double jeopardy and excessiveness and also asserted a *Brady* violation in that the State failed to notify him of two witnesses who had knowledge of exculpatory evidence. The state trial court denied his third post-conviction relief application on June 21, 2006. Range applied for writs to the Louisiana First Circuit and the Louisiana Supreme Court relative to that denial, which were

also denied on May 15, 2006, October 2, 2006 and August 15, 2007.[1]

On or about October 11, 2007, Range filed the present petition for habeas corpus, wherein he asserts the following claims for relief: (1) the trial court erred in ordering that Range's habitual offender sentence was to run consecutive to his original sentence; (2) his convictions for attempted first degree murder and the underlying felony of armed robbery constitute a violation of double jeopardy; and (3) the State committed a *Brady* violation by failing to notify him of two witnesses who had knowledge of exculpatory evidence. In its response to Range's habeas petition, the State submits that such petition should be dismissed as procedurally barred because it is successive and untimely.

## **LAW & ANALYSIS**

Pursuant to 28 U.S.C. §2244(b)(1), a claim presented in a second or successive habeas corpus application under §2254 that was presented in a prior application shall be dismissed. 28 U.S.C. §2244(b)(1). Because Range previously presented his double jeopardy claim in his habeas application filed with this Court in October 1989, and that claim was denied by both this Court and the Fifth Circuit, such claim should be dismissed in accordance with §2244(b)(1). Additionally, as to his other two claims presented herein,

---

[1] Range filed another Motion to Correct Illegal Sentence in the state trial court on December 7, 2005. In that motion, he contended that neither of his October 29, 2003 sentences should have been imposed without the benefit of parole eligibility. According to the State's opposition to Range's present petition, a hearing was held relative to that motion on April 18, 2006, at which time the state trial court maintained Range's sentence on the armed robbery conviction, but based upon the law as it existed at the time of his original conviction, determined that the sentence for attempted first degree murder should not have been ordered to be served without benefit of parole, probation, or suspension of sentence. The state trial court therefore removed those prohibitions from Range's sentence. Range appealed the state trial court's decision to the First Circuit, and that appeal, which relates to issues unrelated to the present habeas petition, remains pending.

28 U.S.C. §2244(b)(2) provides that a claim presented in a second or successive habeas corpus application that was not presented in a prior application shall be dismissed unless: (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. §2244(b)(2). In his present habeas petition, Range has failed to demonstrate that the two claims that he did not present in his 1989 habeas petition meet any of the above three criteria set forth in §2244(b)(2).  Accordingly, such claims should be dismissed.

Moreover, in order to file a second or successive habeas application in this Court, a petitioner must first move in the U.S. Fifth Circuit Court of Appeals for an order authorizing this Court to consider such application.  28 U.S.C. §2244(b)(3)(A).  This Court has not been presented with any such order authorizing it to consider Range's present application, and it should therefore also be dismissed on that ground.

Finally, Range's habeas petition should also be dismissed because it was untimely-filed.  Since Range's convictions and sentences were affirmed by the Louisiana Supreme Court on June 29, 1983, they became final, for purposes of federal habeas corpus relief, ninety (90) days later on September 29, 1983, when he did not apply to the U.S. Supreme Court for a writ of certiorari concerning same.   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, is applicable to

5

Range's case. AEDPA provides, in 28 U.S.C. 2244(d)(1) and (2), that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1) and (2).

State prisoners whose judgments became final before the enactment date of AEDPA, April 24, 1996, are afforded a one-year grace period within which to file their habeas petitions, meaning their petitions must have been filed on or before April 24, 1997. *Flanagan v. Johnson*, 154 F.3d 196, 1999-200 (5th Cir. 1998). However, the one-year period is tolled for any "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . [was] pending." §2244(d)(2). Thus, in Range's case, the one year period within which to file his

6

habeas petition began to run on April 24, 1996 and expired on April 24, 1997. Although Range filed second and third applications for post-conviction relief in state court, asserting the claims he raises in his present habeas petition, those applications were not filed until 2004 and 2005 respectively and therefore did not toll the one (1) year time period between April 24, 1996 and April 24, 1997. Accordingly, Range's present habeas petition, filed over ten (10) years after April 24, 1997, should be dismissed with prejudice as untimely.

Furthermore, even if the Court finds that Range's sentence was not final until after he was re-sentenced by the state trial court in 2003 and it uses the finality of his re-sentencing to calculate the one (1) year time period during which he was required to file his habeas petition under AEDPA, his present habeas application is nevertheless untimely. Range's sentence became final thirty (30) days after the state trial court re-sentenced him, on November 28, 2003, because he did not appeal his re-sentencing. Two hundred seventy-nine (279) days then passed before Range filed his second post-conviction relief application on August 23, 2004 relative to his first two claims raised herein (*i.e.*, his excessive sentence and double jeopardy claims). That post-conviction relief application remained pending until December 28, 2005, when the First Circuit Court of Appeals denied writs. Another year and ten (10) months passed before Range filed his present habeas petition concerning those claims on October 11, 2007. Accordingly, well over a year of untolled time elapsed between the finality of Range's resentencing and the filing of his first two claims in his habeas petition, and they are therefore untimely.

Finally, with regard to Range's third claim asserted in his present habeas petition (*i.e.*, his *Brady* claim), nearly two (2) years of untolled time elapsed relative to that claim between the finality of Range's re-sentencing on November 28, 2003 and the filing of his

third state post-conviction relief application concerning that claim on November 3, 2005. Another fifty-seven (57) days of untolled time passed between the Louisiana Supreme Court's denial of writs relative to that third post-conviction relief application on August 15, 2007 and the filing of his present habeas petition on October 11, 2007. Accordingly, whether the Court considers the finality of Range's conviction and sentence to stem from his initial conviction and sentence in 1983 or his re-sentencing in 2003, all of the claims asserted in his present habeas petition are untimely filed.

## RECOMMENDATION

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Warren Range be **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, August 1, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**